# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Dani Liblang and The Liblang Law Firm, P.C.,

            Plaintiffs,

v.

Allen-Michael D. Resnick; Consumer Legal Remedies, a California Professional Corporation; Neil Gieleghem; and Gieleghem Law Office, a California Professional Corporation

            Defendants.

Case No. 20-12490

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL [15]

Before the Court are Defendants' motion to dismiss the individual parties (ECF No. 4), Plaintiffs' motion for leave to file an amended complaint (ECF No. 11), and Plaintiffs' motion to dismiss the complaint (ECF No. 15). For the reasons set forth below, the Court GRANTS the motion for voluntary dismissal. (ECF No. 15.) The motion to dismiss

(ECF No. 4) and motion for leave to amend (ECF No. 11) are denied as moot.

I. Background

This case regards a dispute over an attorney fee sharing agreement. This case was removed from the Wayne County Circuit Court on July 10, 2020. (ECF No. 1.) In separate litigation, a group of plaintiffs sued Ford Motor Company over alleged defects in certain Ford vehicles. (ECF No. 1.) The lawyers in the defective vehicle cases entered into a contract, which set forth a formula for legal fees payable from the proceeds of any settlement or other recovery on a per-case basis.

In their complaint, Plaintiffs alleged that Plaintiff Liblang and non-party Kenneth Stern of Stern Law, PLLC, entered into a co-counsel agreement in which they agreed to work as co-counsel in a number of the defective vehicle against Ford, described above. Under their agreement, Plaintiff Liblang and Stern Law, PLLC initiated several actions in Michigan. Several of the actions that Plaintiff Liblang and Stern Law, PLLC brought in Michigan were filed on behalf of plaintiffs who resided in California.

Meanwhile, Defendants Gieleghem and Resnick, who are attorneys in California, contacted Plaintiff Liblang and Stern Law, PLLC, because Defendants Gieleghem and Resnick were handling similar cases against Ford in California. Together, the four attorneys and/or their law firms entered into a fee-split agreement in the Michigan actions in December of 2017.

Beginning in around February 2018, some of the plaintiffs in the Michigan cases filed separate cases in California. By the end of November 2018, 746 such plaintiffs had done so. These plaintiffs sought dismissal of their Michigan cases. The Michigan state court granted the motions to dismiss at an oral argument, but did not enter a written order. Ford appealed that order, and the appeal remains pending in the Michigan Court of Appeals. (ECF 1-2.)

In January 2018, Plaintiff Liblang sent a letter to Mr. Stern, as well as Defendants Resnick and Gieleghem, informing them that she was asserting an attorney lien for those cases that were being handled in California, which were originally filed in Michigan. Communications between Plaintiff Liblang and the individual Defendants diminished soon after. Liblang discovered that a joint settlement notice was filed in the

United States District Court for the Central District of California on June 22, 2020, which was the same court to which many originally-Michigan filed actions had been removed. She brought her case here asserting that she is entitled to proceeds from the settlement and all Defendants breached their contract.

On September 16, 2020, Defendants filed a motion to dismiss the individual parties. (ECF No. 4.) In it, they argue, among other things, that the contract is between law firms, not individuals, and accordingly Plaintiffs failed to state a claim for breach of contract as to the individuals involved in the complaint. Defendants also filed an answer as to the remaining parties. (ECF No. 6.)

On October 6, 2020, Plaintiffs filed a motion for leave to file an amended complaint (ECF No. 11) In it, they argue that they wished to assert a claim for tortious interference with a contractual relationship with respect to all individual Defendants, and they also wish to add Kenneth Stern and Stern Law PC as defendants. They also argued that Stern filed a California state-court case against them for declaratory relief from their contract.

On October 28, 2020, Plaintiffs filed a motion to voluntarily dismiss the case. (ECF No. 15.) In it, they argue that pursuing this matter in this Court will cause a delay and does not serve the parties' interests.

Defendants responded on October 30, 2020, stating that they conditionally oppose Plaintiffs' motion. (ECF No. 16.) They argue that (1) Plaintiffs' filed their motion to amend to add Stern and his firm only in order to destroy diversity jurisdiction, and (2) Plaintiffs want the case sent back to the state court so they can be assigned the same judge who presided over the underlying Ford cases. Defendants argue that this case has nothing to do with the underlying Ford cases, and therefore they want this Court to order that the case be remanded back to state court with a blind draw.

Defendants then filed a supplemental brief on November 3, 2020, stating that, rather than waiting for this Court to decide the motions, Plaintiffs went ahead and filed their case again in Wayne County Circuit Court. Defendants seek to have attorney fees and costs assessed against Plaintiffs' attorneys and Plaintiffs for their decision to re-file their case in state court without waiting for this Court's ruling.

## II. Legal Standard

After an answer has been filed, Federal Rule of Civil Procedure 41(a)(2) allows district courts to dismiss an action without prejudice at a plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Notably, "the purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (quoting *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Specifically, courts consider whether the nonmoving party will suffer "plain legal prejudice." Some factors the Court can consider in determining whether plain legal prejudice would occur are, "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* at 953 (same). The *Grover* factors are not exclusive or mandatory for the Court to consider in making its determination. But the moving party gaining a tactical advantage, such as the ability to file in a different court,

6

is not considered plain legal prejudice. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500, 502 (6th Cir. 1994).

### III. Analysis

In applying the *Grover* factors, first, there has been no effort or expense to prepare for trial in this case, and the case is not in the summary judgment stage, so those factors are inapplicable. Defendants have not demonstrated that Plaintiffs excessively delayed and lacked diligence in prosecuting the action. As set forth above, the motions and briefs filed in this case came one after another, on both sides, in very short order.

As for the explanation for the dismissal, Plaintiffs' motion provides only that, if their motion to amend and add Stern and his firm were granted, "[t]his would allow all claims to be pending in a single court, avoid the splitting of claims and settle all jurisdictional issues," because diversity jurisdiction would evaporate. (ECF No. 15, PageID.247.)

Defendants appear less concerned with dismissal from this Court on jurisdiction grounds then they do with the return of this case to a presiding state-court judge who previously did not find in favor of their client in the underlying Ford cases. However, even if this Court had

7

authority to order a state court blind draw or reassignment, which Defendants have not provided any authority for, Defendants have not demonstrated that such relief would be justified here. Whether Plaintiffs' characterization in their state-court filings that this case is related to the underlying Ford cases is factual and is not for this Court to decide. Accordingly, the Court also declines to impose specific terms on this dismissal. Fed. R. Civ. P. 41(a)(2); *see also Bridgeport Music*, 583 F.3d at 954 (stating that courts may grant dismissals with conditions to mitigate any prejudice).

However, it should be noted that the Court questions Plaintiffs' tactic of re-filing the same complaint pending here in Wayne County Circuit Court before this Court issued this Order. Whether any relief to Defendants is justified by Plaintiffs' action should be decided by the state court.

### IV. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiffs' motion for voluntary dismissal (ECF No. 15). The motion to dismiss (ECF No. 4) and motion for leave to amend (ECF No. 11) are DENIED AS MOOT.

IT IS SO ORDERED.

Dated: December 15, 2020      s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2020.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager